1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIMBERLY JANEEN BENTLEY,                    No.  2:17-cv-1629-KJN

12              Plaintiff,                        ORDER GRANTING MOTION FOR
                                                  ATTORNEY'S FEES
13       v.

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                Defendant.
16

17          Plaintiff commenced this social security action on August 5, 2017, and defendant filed an

18   answer on May 3, 2018.[1]  (ECF Nos. 1, 10.)  After the parties filed their cross-motions for

19   summary judgment, the undersigned denied summary judgment for plaintiff and affirmed the

20   final decision of the Commissioner.  (ECF Nos. 15, 16, 17.)  Plaintiff appealed.  (ECF No. 20.)

21   The Ninth Circuit vacated this court's decision and instructed the case be remanded to the ALJ.

22   (ECF No. 25.)  The undersigned did so in September of 2020.  (ECF No. 27.)

23          Thereafter, plaintiff filed a motion for attorney's fees under the Equal Access to Justice

24   Act, 28 U.S.C. Section 2412.  (ECF No. 28.)  The Commissioner opposed, contending the fee

25   request is unreasonable.  (ECF No. 31.)  The Commissioner also contends that any award of fees

26   must be made to plaintiff directly, and not to counsel.  (Id.)  Plaintiff replied.  (ECF Nos. 33, 34.)

27   _____

28   [1] The parties consented to the jurisdiction of the magistrate judge for all purposes, including for
     the entry of final judgment.  (ECF Nos. 7, 8.)

                                                 1

The court has reviewed the parties briefs and accompanying exhibits, and finds counsel's request to be reasonable.  28 U.S.C. § 2412(d)(2)(A).  In determining whether a fee is reasonable, the district court considers the reasonable hourly rate, the hours expended, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).  Counsel used the hourly rate publicized by the Ninth Circuit.  See Sorenson v. Mink, 239 F.3d 1140, 1148–49 (9th Cir. 2001); see also Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005) (holding that the cost of living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress); Ninth Circuit Rule 39–1.6 and Notice re: EAJA rates (available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039).  True, counsel's declaration lists hours higher than the average cited to by the Commissioner.  See Costa v. Comm'r, 690 F.3d 1132, 1134 (9th Cir. 2012) (noting that twenty to forty hours is the range most often requested and granted in social security cases).  However, the Ninth Circuit has also noted that "how much time an attorney can reasonably spend on a specific case . . . will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained.").  Id.  Given the case's complexity, number of issues raised, size of the record, and counsel's voluntary reduction of hours for menial tasks (at approx. a 33% reduction), the court does not find counsel's hours unreasonable.  Finally, the results obtained were in plaintiff's favor, as she won on appeal after having lost in proceedings before the ALJ and this court.  Jean, 496 U.S. at 163; Hensley, 461 U.S. at 437; Atkins, 154 F.3d at 988.  Thus, the court grants plaintiff's request for $32,033.42 in attorney's fees.

The court agrees with the Commissioner on its anti-assignment argument.  The court notes plaintiff executed an assignment of EAJA fees to plaintiff's counsel.  (ECF No. 28-3.)  However, the EAJA award must be made to plaintiff and not counsel.  See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010).  Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's counsel.

1

**<u>ORDER</u>**

2

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

3

1. Plaintiff's motion for attorney's fees and expenses under the EAJA (ECF No. 28) is

4

GRANTED; and

5

2. Plaintiff is awarded attorney's fees and expenses in the total amount of $32,033.42.  If

6

the government determines that plaintiff does not owe a federal debt that qualifies for

7

offset, payment may be made in the name of plaintiff's counsel.

8

Dated:  January 19, 2021

9

10

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11

bent.1629

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28